## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MAT S. BAYSA**

     **Plaintiff,**

            **CASE NO.:  8:17-CV-434-T-17MAP**

**vs.**

**ROBERT GUALTIERI in his official capacity as SHERIFF of the Pinellas County Sheriff's Office, CHARLES REDINGER, individually and as Pinellas County Deputy, STEPHANIE ARCHER, individually and as Pinellas County Deputy Sheriff,**

     **Defendants.**
_____/

## AMENDED COMPLAINT

     **COMES NOW** the Plaintiff, MAT S. BAYSA and sues Defendants listed herein above and alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1.     This is an action for deprivation and violation of civil rights guaranteed by the United States Constitution pursuant to 42 U.S.C. §1983.  The amount in controversy exceeds the jurisdictional limits of the Court, exclusive of interest, costs and attorneys' fees.   This Court has original, concurrent and subject matter jurisdiction pursuant to Article III, section 1 of the U.S. Constitution and 28 U.S.C. §1331, 1332, 1343 (a) and 1367 (a).

2.     Venue and jurisdiction are proper in this Court because all wrongful acts complained of occurred within this judicial district (Pinellas County) and because some these claims are being brought under 42 U.S.C. §1983.

3.      Prior to the filing of this Complaint, all of the above-named Defendants have been served notice of this claim pursuant to Florida Statute, Chapter 768.28, and therefore all conditions precedent to the filing of this lawsuit have been satisfied, occurred, or been waived by Defendants.

4.      The Plaintiff, MAT S. BAYSA was a resident of Hillsborough County, Florida.

5.      Defendant, ROBERT GUALTIERI, PINELLAS COUNTY SHERIFF (hereinafter referred to as "SHERIFF"), is/was a resident of Pinellas County, Florida and is *sui juris*.  At all times material hereto, Defendant, GUALTIERI, was Sheriff of Pinellas County, Florida or is the successor in interest of the Office and to former Sheriff. GUALTIERI is sued herein in his official capacity as Sheriff

6.      Defendant, CHARLES REDINGER, III (hereinafter referred to as "REDINGER"), is/was a resident of Pinellas County, Florida and is *sui juris*. At all times material hereto, Defendant, REDINGER was employed by the defendant sheriff's office, (sometimes referred to as "Pinellas County Sheriff's Office" or "PCSO") as a deputy sheriff. REDINGER is sued herein in his individual capacity.

7.      Defendant, STEPHANIE ARCHER (hereinafter referred to as "ARCHER"), is/was a resident of Pinellas County, Florida and is *sui juris*.   At all times material hereto, Defendant, ARCHER, was employed by the defendant sheriff's office, (sometimes referred to as "Pinellas County Sheriff's Office"

or "PCSO") as a deputy sheriff. ARCHER is sued herein in her individual capacity.

8.    At all times material herein, all sheriffs' deputies working traffic patrol duties within the geographic limits of PINELLAS COUNTY, including Defendants, Redinger and Archer were acting as employees and/or agents in the course and scope of their employment and/or agency with the Pinellas County Sheriff's Office.

## GENERAL ALLEGATIONS

9.    On June 10, 2013 at 3:00 am BAYSA was a patron/invitee of Derby Lane, St. Petersburg Kennel Club located at 10490 Gandy Blvd., St. Petersburg, FL 33702-2395.

10.   On the aforementioned night, BAYSA was a guest at Derby Lane. He arrived at the establishment approximately just before midnight. BAYSA was lawfully playing cards in the Derby Lane Poker Room. After winning, Douglas Gemeinhardt, a security guard was suspiciously standing right behind BAYSA for about one hour. BAYSA left the card room before 3am and proceeded to the cashier while still being followed by Mr. Gemeinhardt. After cashing, BAYSA headed out of the Derby Lane Poker Room. At this time, BAYSA asked Mr. Gemeinhardt why he was staring and following him suspiciously. Mr. Gemeinhardt refused to tell him why and then screamed obscenities at BAYSA. As he did not want any confrontation, BAYSA then went outside toward his car and called 911 for police to escort him home

because he was scared. Within a few minutes, Deputies Charles W. Redinger, III, and Stephanie C. Archer, arrived in separate cruisers.

11.    The deputies approached BAYSA and asked for his identification.  While they were checking his identification, the deputies had a casual conversation with BAYSA who calmly explained what was happening.  Several minutes later, Deputy Redinger spoke to Mr. Gemeinhardt along with another security guard, Al Trombley, outside.  Deputy Redinger then approached BAYSA and told him that he is no longer welcomed at Derby Lane and that BAYSA can no longer return to Derby Lane.  Deputy Redinger returned Mr. Baysa's identification to him and instructed him that he was free to go.

12.    Upon being told he was free to go, BAYSA turned towards his car, took three to four steps and without warning, was accosted, forcibly slammed on the patrol car and then forcibly thrown or slammed face first to the ground by the two armed deputies.  Immediately after being taken to the ground face first, BAYSA's head was pulled back, he was placed in "chokehold" or "headlock" and he was knocked or rendered semi-unconscious.  Also, during this period of time, BAYSA had his face constantly force into the ground, and he could feel punches from the Deputies on his bodies, which were evidenced by a multitude of bruises and abrasions discovered upon his body.

13.     BAYSA woke up in the back of Deputy Redinger's cruiser with his hands handcuffed behind him.  Although BAYSA was obviously and visibly injured and in pain and coughing up and spitting out blood, Deputy Redinger began driving BAYSA to the jail.  On the way to the jail, Deputy Redinger offered to

let BAYSA go, saying "If you want I can let you go right now and just forget this all happened."  BAYSA refused to be dropped off and said, "No. If you feel that I did something wrong, take me to jail."  To this end, the last time Deputy Redinger told BAYSA he was free to go BAYSA was assaulted and severely injured.

14.     Mr. BAYSA was taken to jail and ultimately, bonded out that day and was taken to Tampa General Hospital.  From the beating and actions of deputies, REDINGER and ARCHER Baysa suffered the following injuries:  headaches, face pain, facial bruising and swelling, left eye blurred vision, neck pain radiating to his arms, loss of consciousness, subconjunctival hemorrhage in the eyes, bruising in the ribs, right elbow pain, and bruising around his neck from being choked by Redinger.   X-rays performed on Mr. Baysa revealed a bowing of the left medial orbital wall which appears discontiguous in some portions and may represent a small fracture.   Additionally, BAYSA was diagnosed with a fractured orbital around his eye.

15.     To make matters worse, although he had done nothing wrong, BAYSA was charged for trespass and obstructing an officer without violence by REDINGER and ARCHER.  BAYSA was forced to hire two criminal defense attorneys at his own cost to defend him against these bogus charges and exercised his right to a jury trial. The jury found him not guilty after deliberating for only about an hour and a half.

16.     To this day, approximately three and half years later, Mr. Baysa still suffers from headaches, blurred vision in his left eye, neck pain radiating bilaterally to both arms, and facial numbness.

## COUNT I
## CLAIM AGAINST DEFENDANT PINELLAS COUNTY SHERIFF'S OFFICE UNDER 42 U.S.C. §1983

Plaintiff adopts and re-alleges Paragraphs 1 through 16 as fully set forth herein, and further alleges as follows:

17.     This claim is brought pursuant to 42 U.S.C. §1983 for violation of the Fourth Amendment to the United States Constitution.

18.     Defendant GUALTIERI was at all times material hereto Sheriff of Pinellas County and head of the Pinellas County Sheriff's Office or is the successor in interest to the Sheriff's Office of former Sheriff. The Defendant is a person within the meaning of 42 U.S.C. §1983.

19.     Defendant SHERIFF was at all times herein, responsible for the policies, procedures, customs and/or practices implemented and utilized, including the supervision, training, discipline, conduct and control over law enforcement officers, including Defendants REDINGER and ARCHER.

20.     At all times material herein, Pinellas County Sheriff's Office, through its final policymakers in charge of law enforcement officers, engaged as a matter of policy, practice or custom in inadequate training and supervision of its deputies with reckless disregard and deliberate indifference to the rights of the County's inhabitants with whom the deputies come into contact, including, MAT S. BAYSA, and was deliberately indifferent to the need for better training and supervision, and it was highly predictable that deputy sheriffs,

including deputies engaged in the performance of patrol duties, would engage in use of excessive force and/or unlawful use of force as occurred with the assault of Plaintiff herein.

21.    The actions of the Defendant, acting under the colors of state law, deprived MAT S. BAYSA of his rights, privileges and immunities under the laws and Constitution of the United States, including but not limited to the right to be secure in his person and property, to be free from unreasonable seizure and to be free from the excessive use of force.

22.    By its actions as set forth herein, Defendant has deprived MAT S. BAYSA of rights secured by the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

23.    As a direct and proximate result of Defendant's action, the Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution and the laws of the State of Florida and sustained severe injuries and permanent injuries.

24.    At all times material to this action, Defendant had policies, customs, practices and/or procedures that were the direct and proximate cause of the unconstitutional use of excessive force against MAT S. BAYSA.

25.    The above-mentioned policies, customs, practices and/or procedures included, but are not limited to, the following:

   a.    During the course of Plaintiff's arrest, Plaintiff was placed in a "choke hold" or "headlock", a tactic known to be dangerous, deadly and which causes severe body harm and injuries. Defendant has a history of and a policy, practice or custom, either written or unwritten,

permitting its Deputies to employ "chokeholds" and "headlocks" to subdue citizens and render unconscious citizens who are not being violent, actively resisting or being aggressive.

b. During the course of Plaintiff's arrest, Defendants, REDINGER and ARCHER slammed Plaintiff against a patrol car and forcibly subjected Plaintiff to a "takedown" maneuver of slamming Plaintiff face first to the ground on asphalt, a tactic known to be dangerous, deadly and which causes severe bodily harm and injuries, although Plaintiff was not being violent, actively resisting or being aggressive. To this end, Defendant has a history of and a policy, practice or custom, either written or unwritten, permitting its Deputies to employ "takedown" maneuvers and tactics of forcibly slamming citizens against patrol cars under these circumstances and this policy, practice or custom caused Plaintiff severe bodily injuries and harm.

c. After Plaintiff was arrested, Plaintiff made complaints to the PCSO of the excessive force used against him by REDINGER and ARCHER. However, the Defendant PCSO failed to or refused to investigate Plaintiff's complaints and claims of excessive force by these Deputies. To this point, Defendant has a history of and a policy, practice or custom, either written or unwritten, of failing to and refusing to investigate, or adequately investigate, claims or complaints of excessive force made by citizens against is Deputies which encourages Deputies to continue to act with total disregard for the safety and welfare of citizens during the course of being arrested.

d. During the course of Plaintiff's arrest, Plaintiff was placed in a "choke hold" or "headlock", a tactic known to be dangerous, deadly and which causes severe body harm and injuries. Defendant has a history of and a policy, practice or custom, either written or unwritten, of failing to properly train its Deputies on the proper use or the proper manner to employ "choke holds" and "headlocks" to subdue citizens who are not being violent, actively resisting or being aggressive so as

to avoid causing citizens grievous and serious bodily harm, like the harm that befell BAYSA.

e.  During the course of Plaintiff's arrest, Defendants, REDINGER and ARCHER slammed Plaintiff against a patrol car and forcibly subjected Plaintiff to a "takedown" maneuver of slamming Plaintiff face first to the ground on asphalt, a tactic known to be dangerous, deadly and which causes severe bodily harm and injuries, although Plaintiff was not being violent, actively resisting or being aggressive. To this end, Defendant has a history of and a policy, practice or custom, either written or unwritten, of failing to and of inadequately training its Deputies on the proper use of and when, how and if to employ "takedown" maneuvers and tactics of forcibly slamming citizens against patrol cars under these circumstances so as to not cause or result in severe and grievous bodily injuries to citizens and this policy, practice or custom caused Plaintiff severe bodily injuries and harm.

26.   Defendant has failed and has a history of failing, in that there are past and current complaints and cases, to take reasonable measures to provide deputy sheriffs with adequate training in the appropriate use of excessive force, including if, when and how to implement "chokeholds", "headlocks" and employ takedown maneuvers and failed to provide for adequate appropriate investigation and punishment of its officers' unwarranted and unlawful use of excessive force, said actions and inactions constitutes a breach of its duties to train qualified deputies, establish departmental procedures and methods to enforce protection of constitutional rights, and correct misconduct of its deputy sheriffs of which it had actual or constructive notice.  Prior to the assault of MAT S. BAYSA, sued upon herein, this conduct of the Defendant had become a

custom, pattern, practice, procedure, decision, and/or policy of failing to prevent, and thereafter minimizing the consequences of, police misconduct, undertaken with deliberate indifference to the risk it created that the Defendant's Sheriff's Deputies would use excessive force in the performance of their police duties, and resulted in directly and proximately causing the violations of the constitutional rights of MAT S. BAYSA during a routine call to police.

27. Defendant also ratified the violations of the Plaintiff's constitutional rights as described herein by approving and acquiescing to the decisions and the basis of the decision of the deputies involved in the incident and the use of excessive force described herein.

28. Defendant, has, with deliberate indifference, adopted, implemented and/or executed the above policies and/or practices and/or procedures and/or customs which were directly responsible for deprivation of the constitutionally protected rights of MAT S. BAYSA and, in doing so, misused the power possessed by virtue of state law and made possible only because Defendant was clothed with the authority of state law.

29. As a direct and proximate result of the actions and inactions of Defendant, alleged herein, MAT S. BAYSA'S constitutional rights were violated by Defendant and its employees and/or agents, *inter alia*, through actions and inactions that culminated in MAT S. BAYSA'S permanent injuries.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant for

compensatory damages, including interest and costs; prays for an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and further prays for such other relief as the Court may deem proper and just.

<u>**COUNT II-EXCESSIVE FORCE DURING ALLEGED LAWFUL ARREST**</u>
<u>**CLAIM AGAINST DEFENDANT CHARLES REDINGER, III**</u>
<u>**UNDER 42 U.S.C. §1983**</u>

Plaintiff adopts and re-alleges Paragraphs 1 through 16 as fully set forth herein, and further alleges as follows:

30.   This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth Amendment to the United States Constitution.

31.   Defendant REDINGER was at all times material hereto a deputy with Defendant PCSO. At all times material, Defendant, REDINGER was acting under color of state law.  Defendant, REDINGER is being sued in his individual capacity.

32.   At the time of the Defendant's activities in connection with the call described above, Plaintiff was an invitee and lawfully at the premises mentioned and was not a threat to the officers, himself or any other person.

33.   At the time of Defendant's activities in connection with the called described above, Plaintiff was not involved in the commission of a felony, or any other crimes nor was Plaintiff trying to escape or evade arrest.

34.   *Assuming arguendo,* that the arrest of Plaintiff was lawful, which Plaintiff maintains is was not, during the course of the call, Defendant, REDINGER grabbed Plaintiff, slammed Plaintiff against a patrol car and

then slammed Plaintiff forcibly to the ground on his face, placed Plaintiff in a chokehold or headlock and while Plaintiff was already subdued punched Plaintiff when Plaintiff was not resisting. As a direct and proximate result of which BAYSA sustained severe and permanent injuries.

35.    The actions of Defendant REDINGER deprived the Plaintiff of constitutional rights, as guaranteed by the Constitution of the United Stated and protected by 42 U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include the following:

a. the right and privilege to be free from unlawful attack upon the physical integrity of his person

b.   the right to be free from unreasonable seizure of his person; and

d.   the right to be immune from the use of excessive force by any person, including deputies utilized to perform patrol duties, while acting under color of law and exercising the authority of Defendant PCSO and

36.    Defendant's, REDINGER, use of excessive force during a routine call against MAT S. BAYSA, was a violation of the constitutionally protected rights of MAT S. BAYSA, possessed by virtue of state law, and was made possible only because Defendant, REDINGER, was clothed with authority of state law.

37.    As a direct and proximate result of the Defendant's, wrongful use of unreasonably excessive force against MAT S. BAYSA, in violation of the Plaintiff's constitutional rights, MAT S. BAYSA sustained and suffered significant permanent injuries.

**WHEREFORE**, Plaintiff, prays for entry of judgment against Defendant, CHARLES REDINGER, IIII for compensatory damages, including interest and costs; prays for an award of reasonable attorneys' fees pursuant to 42 U.S.C §1988; and further prays for such other relief as the Court may deem proper and just.

## COUNT III-EXCESSIVE FORCE DURING ALLEGED LAWFUL ARREST
## CLAIM AGAINST DEFENDANT STEPHANIE ARCHER
## UNDER 42 U.S.C. §1983

Plaintiff adopts and re-alleges Paragraphs 1 through 16 as fully set forth herein, and further alleges as follows:

38.     This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth Amendment to the United States Constitution.

39.     Defendant ARCHER was at all times material hereto a deputy with Defendant PCSO. At all times material, Defendant, ARCHER was acting under color of state law.   Defendant, ARCHER is being sued in her individual capacity.

40.     At the time of the Defendant's activities in connection with the call described above, Plaintiff was an invitee and lawfully at the premises mentioned and was not a threat to the officers, himself or any other person.

41.     At the time of Defendant's activities in connection with the called described above, Plaintiff was not involved in the commission of a felony, or any other crimes nor was Plaintiff trying to escape or evade arrest.

42.     *Assuming arguendo,* that the arrest of Plaintiff was lawful, which Plaintiff maintains is was not, during the course of the call, Defendant, ARCHER

grabbed Plaintiff, slammed Plaintiff against the patrol car and then slammed Plaintiff forcibly to the ground on his face and while Plaintiff was already subdued punched Plaintiff when Plaintiff was not resisting. As a direct and proximate result of which BAYSA sustained severe and permanent injuries.

43. The actions of Defendant ARCHER deprived the Plaintiff of constitutional rights, as guaranteed by the Constitution of the United Stated and protected by 42 U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include the following:

a. the right and privilege to be free from unlawful attack upon the physical integrity of his person

b. the right to be free from unreasonable seizure of his person; and

c. the right to be immune from the use of excessive force by any person, including deputies utilized to perform patrol duties, while acting under color of law and exercising the authority of Defendant PCSO and;

44. Defendant's, ARCHER, use of excessive force during a routine call against MAT S. BAYSA, was a violation of the constitutionally protected rights of MAT S. BAYSA, possessed by virtue of state law, and was made possible only because Defendant, ARCHER, was clothed with authority of state law.

45. As a direct and proximate result of the Defendant's, wrongful use of unreasonably excessive force against MAT S. BAYSA, in violation of the Plaintiff's constitutional rights, MAT S. BAYSA sustained and suffered significant permanent injuries.

**WHEREFORE**, Plaintiff, prays for entry of judgment against Defendant, STEPHANIE ARCHER for compensatory damages, including interest and costs; prays for an award of reasonable attorneys' fees pursuant to 42 U.S.C §1988; and further prays for such other relief as the Court may deem proper and just.

## COUNT IV-FALSE ARREST AND EXCESSIVE FORCE DURING UNLAWFUL ARREST
### CLAIM AGAINST DEFENDANT CHARLES REDINGER, III
### UNDER 42 U.S.C. §1983

Plaintiff adopts and re-alleges Paragraphs 1 through 16 as fully set forth herein, and further alleges as follows:

46.    This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth Amendment to the United States Constitution.

47.    Defendant REDINGER was at all times material hereto a deputy with Defendant PCSO. At all times material, Defendant, REDINGER was acting under color of state law.  Defendant, REDINGER is being sued in his individual capacity.

48.    At the time of the Defendant's activities in connection with the call described above, Plaintiff was an invitee and lawfully at the premises mentioned and was not a threat to the officers, himself or any other person.

49.    At the time of Defendant's activities in connection with the called described above, Plaintiff was not involved in the commission of a felony, or any other crimes nor was Plaintiff trying to escape or evade arrest.

50.    Although there was no probable cause to arrest or detain Plaintiff and Plaintiff complied with the Deputies' instructions, During the course of

the call, Defendant, REDINGER grabbed Plaintiff, slammed Plaintiff against a patrol car and then slammed Plaintiff forcibly to the ground on his face, placed him in a chokehold or headlock and while Plaintiff was already subdued punched Plaintiff when Plaintiff was not resisting. As a direct and proximate result of which BAYSA sustained severe and permanent injuries.

51. Alternatively, as Plaintiff was not resisting arrest, was not being violent and posed no threat to REDINGER, REDINGER used excessive force in the course of this unlawful arrest and "takedown".

52. The actions of Defendant REDINGER deprived the Plaintiff of constitutional rights, as guaranteed by the Constitution of the United Stated and protected by 42 U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include the following:

a. the right and privilege to be free from unlawful attack upon the physical integrity of his person

b.   the right to be free from unreasonable seizure of his person; and

d.   the right to be immune from the use of excessive force by any person, including deputies utilized to perform patrol duties, while acting under color of law and exercising the authority of Defendant PCSO and

e.   the right to not be arrested without probable cause that Plaintiff had committed a crime.

53. Defendant's, REDINGER, unlawful arrest and use of excessive force during a routine call against MAT S. BAYSA, was a violation of the constitutionally protected rights of MAT S. BAYSA, possessed by virtue

of state law, and was made possible only because Defendant, REDINGER, was clothed with authority of state law.

54.     As a direct and proximate result of the Defendant's, wrongful use of unreasonably excessive force against MAT S. BAYSA, in violation of the Plaintiff's constitutional rights, MAT S. BAYSA sustained and suffered significant permanent injuries.

    **WHEREFORE**, Plaintiff, prays for entry of judgment against Defendant, CHARLES REDINGER, IIII for compensatory damages, including interest and costs; prays for an award of reasonable attorneys' fees pursuant to 42 U.S.C §1988; and further prays for such other relief as the Court may deem proper and just.

<u>COUNT V-FALSE ARREST AND EXCESSIVE FORCE DURING UNLAWFUL ARREST</u>
<u>CLAIM AGAINST DEFENDANT STEPHANIE ARCHER</u>
<u>UNDER 42 U.S.C. §1983</u>

    Plaintiff adopts and re-alleges Paragraphs 1 through 16 as fully set forth herein, and further alleges as follows:

55.     This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth Amendment to the United States Constitution.

56.     Defendant ARCHER was at all times material hereto a deputy with Defendant PCSO. At all times material, Defendant, ARCHER was acting under color of state law.   Defendant, ARCHER is being sued in her individual capacity.

57.     At the time of the Defendant's activities in connection with the call described above, Plaintiff was an invitee and lawfully at the premises

mentioned and was not a threat to the officers, himself or any other person.

58.   At the time of Defendant's activities in connection with the called described above, Plaintiff was not involved in the commission of a felony, or any other crimes nor was Plaintiff trying to escape or evade arrest.

59.   Although there was no probable cause to arrest or detain Plaintiff and Plaintiff complied with the Deputies' instructions, During the course of the call, Defendant, ARCHER grabbed Plaintiff, slammed Plaintiff against a patrol car and then slammed Plaintiff forcibly to the ground on his face and while Plaintiff was already subdued punched Plaintiff when Plaintiff was not resisting. As a direct and proximate result of which BAYSA sustained severe and permanent injuries.

60.   Alternatively, as Plaintiff was not resisting arrest, was not being violent and posed no threat to ARCHER, ARCHER used excessive force in the course of this unlawful arrest and "takedown".

61.   The actions of Defendant ARCHER deprived the Plaintiff of constitutional rights, as guaranteed by the Constitution of the United Stated and protected by 42 U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include the following:

a. the right and privilege to be free from unlawful attack upon the physical integrity of his person

b.   the right to be free from unreasonable seizure of his person; and

d.  the right to be immune from the use of excessive force by any person, including deputies utilized to perform patrol duties, while acting under color of law and exercising the authority of Defendant PCSO and

e.  the right to not be arrested without probable cause that Plaintiff had committed a crime.

62.  Defendant's, ARCHER, unlawful arrest and use of excessive force during a routine call against MAT S. BAYSA, was a violation of the constitutionally protected rights of MAT S. BAYSA, possessed by virtue of state law, and was made possible only because Defendant, ARCHER, was clothed with authority of state law.

63.  As a direct and proximate result of the Defendant's, wrongful use of unreasonably excessive force against MAT S. BAYSA, in violation of the Plaintiff's constitutional rights, MAT S. BAYSA sustained and suffered significant permanent injuries.

**WHEREFORE**, Plaintiff, prays for entry of judgment against Defendant, STEPHANIE ARCHER for compensatory damages, including interest and costs; prays for an award of reasonable attorneys' fees pursuant to 42 U.S.C §1988; and further prays for such other relief as the Court may deem proper and just.

## COUNT VI
## CLAIM AGAINST DEFENDANT PINELLAS COUNTY SHERIFF'S OFFICE FOR FALSE ARREST/FALSE IMPRISONMENT

PLAINTIFF repeat, re-allege and incorporate paragraphs 1-16 set forth above

64.  This is a state law claim for damages in excess of the jurisdictional amount to which this Court has pendent or concurrent jurisdiction

65.   On or about June 10, 2013, Plaintiff MAT S. BAYSA was wrongfully arrested and subjected to a continued wrongful detention until their release as a result of the intentional conduct; lack of evidence and lack of probable cause to arrest or charge him.  In fact, at trial, a jury acquitted Plaintiff of all charges after deliberating for only about an hour and a half.

66.   Defendant, SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE, in his official capacity, through his deputies, under *respondeat superior*, intentionally detained and arrested Plaintiff while failing to obtain sufficient evidence to establish probable cause before charging them or arresting him.

67.   The Sheriff's Office through its employees REDINGER and ARCHER wrongfully and unlawfully arrested Plaintiff without sufficient probable cause, arrested Plaintiff after said deputies instructed him he was free to leave and without probable cause based on reliable or credible evidence and were Plaintiff was forcibly detained and arrested after it was obvious and clear based on the evidence in Defendant's agents' possession, and lack thereof, that probable cause did not exist to arrest, or detain Plaintiff. Additionally, Defendant's agents exacerbated their conduct by continuing to charge Plaintiff with multiple false and fabricated offenses.

68.   These acts were made in the scope of REDINGER'S and ARCHER'S employment as Deputies.  All said deputies were on duty at the time of the acts herein.

69.     As a direct, proximate and foreseeable result of the acts and omissions of

the Defendant's deputies, agents, employees, Plaintiff was wrongfully

arrested and incarcerated, was wrongfully charged and prosecuted, was

forced to hire a criminal defense attorney and defend against scurrilous

and fabricated criminal charges all resulting in the loss of liberty and

freedom, loss wages, loss of employment, loss of enjoyment of life, loss of

reputation, pain and related mental suffering and anguish.

**WHEREFORE**, Plaintiff, MAT S. BAYSA demand judgment against the

Defendant, The Pinellas County Sheriff Office, or the Sheriff of Pinellas County in his

official capacity, for compensatory damages, costs, and attorneys' fees and TRIAL BY

JURY pursuant to the Florida Rules of Civil Procedure.

## <u>COUNT VII</u>
## <u>CLAIM AGAINST DEFENDANT CHARLES REDINGER FOR FALSE ARREST/FALSE IMPRISONMENT</u>

Plaintiff MAT S. BAYSA incorporates the allegations contained in

the preceding paragraphs 1-16 as if fully set forth.

70.     This is a State law claim for damages in excess of the jurisdictional amount

and this Court has pendent or concurrent jurisdiction.

71.      Defendant REDINGER, in his individual capacity, acting in concert with

defendant ARCHER, and acting within the course and scope of his

employment, falsely arrested, imprisoned and charged Plaintiff MAT S.

BAYSA, all in bad faith, or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety or

property, when in fact, Plaintiff MAT S. BAYSA had committed no

crime, nor broken any law and said detention, arrest and imprisonment was without probable cause.

72.     In fact, as to all the charges that were illegally, wrongfully and fraudulently levied against Plaintiff MAT S. BAYSA a jury acquitted MAT S. BAYSA of and of any wrongdoing.

73.     That as a direct and proximate result of the Plaintiff MAT. S BAYSA 'S false arrest and imprisonment by the Defendant, Plaintiff was humiliated, embarrassed, suffered physical injury and mental anguish, was assaulted, was subjected to insult and threats, oppression, inconvenience, loss of dignity, suffered pain and suffering, loss of employment and damage to her reputation and was incarcerated for charges which she did not commit. These damages are continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against Defendant REDINGER for compensatory damages, costs and demands trial by jury of all issues so triable.

<u>**COUNT VIII**</u>

<u>**CLAIM AGAINST DEFENDANT STEPHANIE ARCHER FOR FALSE ARREST/FALSE IMPRISONMENT**</u>

Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth.

74.     This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

75.     Defendant ARCHER, in her individual capacity, acting in concert with defendant REDINGER, and acting within the course and scope of her

employment, falsely arrested, imprisoned and charged Plaintiff MAT S.

BAYSA, all in bad faith, or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety or

property, when in fact, Plaintiff MAT S. BAYSA had committed no

crime, nor broken any law and said detention, arrest and imprisonment

was without probable cause.

76.    In fact, as to all the charges that were illegally, wrongfully and

fraudulently levied against Plaintiff MAT S. BAYSA a jury acquitted

MAT S. BAYSA of and of any wrongdoing.

77.    That as a direct and proximate result of the Plaintiff MAT. S BAYSA 'S

false arrest and imprisonment by the Defendant, Plaintiff was humiliated,

embarrassed, suffered physical injury and mental anguish, was assaulted,

was subjected to insult and threats, oppression, inconvenience, loss of

dignity, suffered pain and suffering, loss of employment and damage to

her reputation and was incarcerated for charges which she did not commit.

These damages are continuing, permanent or will continue in the future.

**WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against Defendant

ARCHER for compensatory damages, costs and demands trial by jury of all issues so

triable.

## COUNT IX
## CLAIM AGAINST DEFENDANT PINELLAS COUNTY SHERIFF'S OFFICE
## FOR BATTERY

Plaintiff MAT S. BAYSA incorporates the allegations contained in the

preceding paragraphs 1-16 as if fully set forth herein.

78.   This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

79.   SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE, in his official capacity, by and through the Pinellas County Sheriff's Office acting in concert with its deputies, agents, employees or representatives, committed a battery on Plaintiff MAT S. BAYSA.

80.   SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE, through his deputies, under *respondeat superior*, made contact with the person of Plaintiff including, but not limited to, unlawfully grabbing him, choking them, throwing him face first to the ground, punching him and illegally handcuffing him, without his consent.  Such contact constituted a harmful and offensive touching upon Plaintiff and placed Plaintiff in apprehension of an offensive and harmful touching.

81.   SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE acted with intent to cause bodily harm to Plaintiff or touch Plaintiff in a harmful and offensive manner and did cause bodily injury to Plaintiff.

82.   Plaintiff was severely harmed as a result of the actions of the Defendant and suffered damages which include physical suffering and injury, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE in his official capacity, for compensatory damages, costs and demands trial by jury on all issues triable.

<u>COUNT X</u>

<u>CLAIM AGAINST DEFENDANT CHARLES REDINGER FOR BATTERY</u>

Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth herein.

83.     This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

84.     Defendant REDINGER took an active part in the battery on Plaintiff MAT S. BAYSA. REDINGER is being sued in his individual capacity.

85.     Defendant REDINGER on at least one occasion during the incident, made contact with the person of Plaintiff MAT S. BAYSA including, but not limited to, unlawfully grabbing him, forcibly throwing or slamming him to the ground face first to the ground and handcuffing him without his consent. Such contact constituted an offensive and harmful touching upon MAT S. BAYSA and placed him in immediate apprehension or fear of an offensive or harmful contact.

86.     Defendant REDINGER acted with intent to cause bodily harm to Plaintiff MAT S. BAYSA and further, in the commission of the battery, acted in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

87.     Plaintiff MAT S. BAYSA was severely harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

WHEREFORE, Plaintiff MAT S. BAYSA demands judgment against Defendant for compensatory damages, interest and costs and demands trial by jury on all issues triable.

## COUNT XI
## CLAIM AGAINST DEFENDANT STEPHANIE ARCHER FOR BATTERY

Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth herein.

88.     This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

89.     Defendant ARCHER took an active part in the battery on Plaintiff MAT S. BAYSA. ARCHER is being sued in her individual capacity.

90.     Defendant ARCHER on at least one occasion during the incident, made contact with the person of Plaintiff MAT S. BAYSA including, but not limited to, unlawfully grabbing him, forcibly throwing or slamming him to the ground face first to the ground and handcuffing him without his consent. Such contact constituted an offensive and harmful touching upon MAT S. BAYSA and placed him in immediate apprehension or fear of an offensive or harmful contact.

91.     Defendant ARCHER acted with intent to cause bodily harm to Plaintiff MAT S. BAYSA and further, in the commission of the battery, acted in

bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

92.     Plaintiff MAT S. BAYSA was severely harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

    **WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against Defendant for compensatory damages, interest and costs and demands trial by jury on all issues triable.

<u>**COUNT XII**</u>

<u>**CLAIM AGAINST DEFENDANT PINELLAS COUNTY SHERIFF'S OFFICE FOR ASSAULT**</u>

    Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth herein.

93.     This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

94.     SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE, in his official capacity, by and through the Pinellas County Sheriff's Office acting in concert with its deputies, agents, employees or representatives, committed an assault on Plaintiff MAT S. BAYSA.

95.     SHERIFF ROBERT  GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE, through his deputies, under *respondeat superior*, made contact with the person of

Plaintiff including, but not limited to, slamming him against the patrol car, unlawfully grabbing him, choking them,  throwing him face first to the ground, punching him and illegally handcuffing him, without his consent.

96.   As Plaintiff was leaving the scene as instructed or permitted to do so by REDINGER and ARCHER, Plaintiff was forcibly grabbed and slammed against the patrol car.  At that point Plaintiff was afraid, terrified and in apprehension that he was would be subject to abuse and excessive force and that he was in imminent peril and in fact, he was in imminent peril as he sustained a severe beating at the hands of REDINGER and ARCHER. Such contact constituted a harmful and offensive touching upon Plaintiff and placed Plaintiff in apprehension of an offensive and harmful contact.

97.   SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE acted with intent to cause bodily harm to Plaintiff or touch Plaintiff in a harmful and offensive manner and did cause bodily injury to Plaintiff.

98.   Plaintiff was severely harmed as a result of the actions of the Defendant and suffered damages which include physical suffering and injury, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against SHERIFF ROBERT GUALTIERI ("Sheriff's Office") or his predecessor, as Sheriff of the PINELLAS COUNTY SHERIFF'S OFFICE in his official capacity, for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT XIII

## CLAIM AGAINST DEFENDANT CHARLES REDINGER FOR ASSAULT

Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth herein.

99.     This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

100.    Defendant REDINGER took an active part in the assault on Plaintiff MAT S. BAYSA. REDINGER is being sued in his individual capacity.

101.    Defendant REDINGER on at least one occasion during the incident, made contact with the person of Plaintiff MAT S. BAYSA including, but not limited to, slamming him against the patrol car, unlawfully grabbing him, forcibly throwing or slamming him to the ground face first to the ground and handcuffing him without his consent.

102.    As Plaintiff was leaving the scene as instructed or permitted to do so by REDINGER and ARCHER, Plaintiff was forcibly grabbed and slammed against the patrol car.  At that point Plaintiff was afraid, terrified and in apprehension that he was would be subject to abuse and excessive force and that he was in imminent peril and in fact, he was in imminent peril as he sustained a severe beating at the hands of REDINGER and ARCHER. Such contact constituted a harmful and offensive touching upon Plaintiff and placed Plaintiff in apprehension of an offensive and harmful contact.

103.    Defendant REDINGER acted with intent to cause fear and apprehension of bodily harm to Plaintiff MAT S. BAYSA and further, in the commission of the assault, acted in bad faith, or with malicious purpose or

in a manner exhibiting wanton and willful disregard of human rights,
safety or property.

104.    Plaintiff MAT S. BAYSA was severely harmed as a result of the actions
of the Defendant and suffered damages which include physical suffering,
medical expenses, loss of time, and mental suffering, all of which are
continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against
Defendant for compensatory damages, interest and costs and demands trial by jury on all
issues triable.

<u>**COUNT XIV**</u>
<u>**CLAIM AGAINST DEFENDANT STEPHANIE ARCHER FOR ASSAULT**</u>

Plaintiff MAT S. BAYSA incorporates the allegations contained in the
preceding paragraphs 1-16 as if fully set forth herein.

105.    This is a State law claim for damages in excess of the jurisdictional
amount and this Court has pendent or concurrent jurisdiction.

106.    Defendant ARCHER took an active part in the assault on Plaintiff MAT S.
BAYSA. ARCHER is being sued in her individual capacity.

107.    Defendant ARCHER on at least one occasion during the incident, made
contact with the person of Plaintiff MAT S. BAYSA including, but not
limited to, slamming him against the patrol car, unlawfully grabbing him,
forcibly throwing or slamming him to the ground face first to the ground
and handcuffing him without his consent.

108.    As Plaintiff was leaving the scene as instructed or permitted to do so by
REDINGER and ARCHER, Plaintiff was forcibly grabbed and slammed

against the patrol car.  At that point Plaintiff was afraid, terrified and in apprehension that he was would be subject to abuse and excessive force and that he was in imminent peril and in fact, he was in imminent peril as he sustained a severe beating at the hands of REDINGER and ARCHER. Such contact constituted a harmful and offensive touching upon Plaintiff and placed Plaintiff in apprehension of an offensive and harmful contact.

109.    Defendant ARCHER acted with intent to cause fear and apprehension of bodily harm to Plaintiff MAT S. BAYSA and further, in the commission of the battery, acted in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

110.    Plaintiff MAT S. BAYSA was severely harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff MAT S. BAYSA demands judgment against Defendant for compensatory damages, interest and costs and demands trial by jury on all issues triable.

## COUNT XV

## CLAIM AGAINST DEFENDANT CHARLES REDINGER FOR MALICIOUS PROSECUTION

Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth herein.

111.    This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

112.    On or about June 10, 2013, Plaintiff was wrongfully arrested and subjected to a continued wrongful detention until his release as a result of the negligent, intentional and/or reckless investigation; lack of evidence and lack of probable cause to arrest him.  Defendant REDINGER in his individual capacity initiated or caused a criminal proceeding against Plaintiff to be instituted.  Plaintiff was charged with Trespass and Resisting an Officer with Violence and Resisting an Officer without Violence.

113.    REDINGER negligently, intentionally or recklessly arrested MAT S. BAYSA without probable cause that he had been involved in any criminal activity whatsoever.  Contrarily, Defendant knew or had ample evidence to demonstrate that Plaintiff was not involved in any criminal activity. Moreover, after Defendant arrested Plaintiff without legal cause and assaulted and battered him in the furtherance of an unlawful arrest, Defendant then falsely and maliciously sought his prosecution in order to justify his misdeeds. In the course of the prosecution, REDINGER generated false reports accusing Plaintiff of misconduct in order to further the baseless prosecution.

114.    Plaintiff was arrested without sufficient probable cause, or without probable cause based on reliable or credible evidence and was detained although it was obvious and clear based on the evidence in Defendant's

possession that probable cause did not exist to arrest, detain or continue to charge Plaintiff with offenses.

115.   Defendant REDINGER acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in his malicious prosecution of the Plaintiff.

116.   On April 23, 2014, a trial was held on the bogus charges initiated against Plaintiff and within an hour and half of deliberation, the jury acquitted Plaintiff of all charges. Defendant REDINGER acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in his malicious prosecution of the Plaintiff or was grossly negligent when he caused Plaintiff to be arrested, detained and continued to be charged with crimes when he knew the charges would be without probable cause.

117.   As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff MAT S. BAYSA was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT XVI

## CLAIM AGAINST DEFENDANT STEPHANIE ARCHER FOR MALICIOUS PROSECUTION

Plaintiff MAT S. BAYSA incorporates the allegations contained in the preceding paragraphs 1-16 as if fully set forth herein.

118.   This is a State law claim for damages in excess of the jurisdictional amount and this Court has pendent or concurrent jurisdiction.

119.   On or about June 10, 2013, Plaintiff was wrongfully arrested and subjected to a continued wrongful detention until his release as a result of the negligent, intentional and/or reckless investigation; lack of evidence and lack of probable cause to arrest him.  Defendant ARCHER in her individual capacity initiated or caused a criminal proceeding against Plaintiff to be instituted.  Plaintiff was charged with Trespass and Resisting an Officer with Violence and Resisting an Officer without Violence.

120.   ARCHER negligently, intentionally or recklessly arrested MAT S. BAYSA without probable cause that he had been involved in any criminal activity whatsoever.  Contrarily, Defendant knew or had ample evidence to demonstrate that Plaintiff was not involved in any criminal activity. Moreover, after Defendant arrested Plaintiff without legal cause and assaulted and battered him in the furtherance of an unlawful arrest, Defendant then falsely and maliciously sought his prosecution in order to justify her misdeeds. In the course of the prosecution, ARCHER generated false reports accusing Plaintiff of misconduct in order to further the

baseless prosecution.

121.    Plaintiff was arrested without sufficient probable cause, or without probable cause based on reliable or credible evidence and was detained although it was obvious and clear based on the evidence in Defendant's possession that probable cause did not exist to arrest, detain or continue to charge Plaintiff with offenses.

122.    Defendant ARCHER acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in her malicious prosecution of the Plaintiff.

123.    On April 23, 2014, a trial was held on the bogus charges initiated against Plaintiff and within an hour and half of deliberation, the jury acquitted Plaintiff of all charges. Defendant ARCHER acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in his malicious prosecution of the Plaintiff or was grossly negligent when she caused Plaintiff to be arrested, detained and continued to be charged with crimes when she knew the charges would be without probable cause.

124.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff MAT S. BAYSA was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant for compensatory damages, costs and demands trial by jury on all issues triable.

## DEMAND FOR JURY TRIAL

Plaintiff, MAT S. BAYSA, demands trial by jury of all issues so triable of right.

## CERTIFICATE OF SERVICE

**I HEREBY** certify that true and copy of the foregoing has been sent via the Court's Electronic filing system to all counsel of record on this 9th Day of April 2018.

S/ Frank T. Allen
FRANK T. ALLEN, Esq.
The Allen Firm, P.A.
Florida Bar Number 0033464
605 E. Robinson Street, Suite 130
Orlando, FL 32801
(407) 481-8103 (T)
(407)481-0009(F)
*Attorneys for Plaintiff*
AllenF551@aol.com.