UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAT S. BAYSA

    Plaintiff,

              **CASE NO.: 8:17-CV-00434-T-17SPF**

vs.

ROBERT GUALTIERI in his official capacity as SHERIFF of the Pinellas County Sheriff's Office, CHARLES REDINGER, individually and as Pinellas County Deputy, STEPHANIE ARCHER, individually and as Pinellas County Deputy Sheriff,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
FROM ROBERT GUALTIERI AS SHERIFF OF PINELLAS COUNTY**

COMES NOW, Plaintiff, pursuant to Federal Rule of Civil Procedure 37 hereby files this his Motion to Compel ROBERT GUALTIERI as The SHERIFF OF PINELLAS COUNTY to provide documents responsive to Plaintiff's Second Request for Production served on Defendant and dated July 3, 2018 and for Expenses and/or Sanctions under FRCP 37(a)(5) and states:

**FACTS AND BACKGROUND**

1.    This is a civil rights action where Plaintiff has alleged civil rights violations and State Law claims, against the Defendant arising out an incident of excessive

1

force and police misconduct perpetrated against Plaintiff on June 10, 2013 which resulted in significant injuries to Plaintiff. (See Amended Complaint for details).

2.    That on July 3, 2018, Plaintiff propounded Plaintiff's First Request for Production upon Defendant. (The relevant request is incorporated herein). The documents sought by Plaintiff were/are relevant to the particular claims and allegations of Plaintiff's Complaint, necessary for the preparation of Plaintiff's case for trial, and were/are reasonably calculated to lead to the discovery of admissible evidence, specifically as these documents relate to Plaintiff's <u>Monell</u> claim, Count I, against The Sheriff's Office.

3.    On August 3, 2018 Defendant propounded Defendant's Responses (with a multitude of objections) to Plaintiff's Second Request for Production. In fact, Defendant's broad objections are without merit and actually violate FRCP 26 and this Court's previous rulings regarding objecting to discovery requests.

4.    The discovery deadline in this case is August 6, 2018.  Plaintiff's counsel has made multiple attempts to obtain this information and resolve this matter with Defense Counsel; yet to no avail. It is clear that Defense Counsel

has no intention of producing any of these documents without judicial intervention. These documents are wholly relevant and necessary for Plaintiff's <u>Monell</u> claim and Plaintiff's claims as set forth in the Amended Complaint, paragraphs 25 (a-e).

## **DEFENDANT'S AND DEFENSE COUNSEL'S UNFOUNDED OBJECTIONS**

5. It is the undersigned's position that Defendant and Defense Counsel's objection(s) are wholly unfounded, and Defendant is not acting in "good faith" with respect to responses to Plaintiff's Second Requests for Production. Defense Counsel knows fully this information is relevant and necessary in order for Plaintiff to prove his claims against the Pinellas County Sheriff's Office, yet Defendant continues to engage in improper discovery tactics to thwart and delay Plaintiff's efforts.

6. This Court and the Federal Courts have consistently held that evidence such as that being sought by the Plaintiff Second Request for Production is relevant in excessive force claims and civil rights claims against municipalities. This Court has ruled evidence of prior, subsequent which are close in proximity, and/or similar incidents are required and necessary to prove some of the claims asserted herein against a governmental entity like

the Pinellas County Sheriff's Office.1

7.    Of equal importance and further evidence of the
lack of merit of the objections to Plaintiff's Second
Request for Production is that Defendant requested this very
information from Plaintiff in Defendant's Request for
Production Requests 14-35. (See Defendant's Request for
Production as Exhibit "D" to Plaintiff's Motion to Compel
filed July 3, 2018, DKT # 28). Essentially, in these
requests, Defendant is requesting  Plaintiff provide
information of prior or subsequent complaints or incidents
of excessive force or police misconduct akin to that
asserted in Plaintiff's Complaint.

In fact, in his Answers to Defendant's Interrogatories,
Plaintiff BAYSA provided the names of several citizens who
were subjected to the same type of brutality by other
Deputies that he endured at the hands of REDINGER and ARCHER
during the period close in time to his incident. (See
Plaintiff's Answers 2 and 3 to Interrogatories as Exhibit
"E" to Plaintiff's Motion to Compel filed July 3, 2018, DKT

---

1 MacMillan v. Lake County Sheriff's Office et al, 5:08-CV-00351-WTH-
GRJ[See Docket 50-Order on Motion for Summary Judgment] Spencer v. City
of Orlando,6:15-CV-00345-RBD-TBS [See Docket 21-Order granting Motion to
Compel "Copies of all complaints of excessive force and/or unlawful or
wrongful shooting filed by citizens against any officer employed by the
Orlando Police Department from 2005-present]

# 28). Defendant failed to and refused to produce any of these complaints and incidents.

Additionally, during his deposition, REDINGER was questioned about a number of citizens' complaints levied against him, some of which had the same allegations as Plaintiff has alleged and asserted in his complaint.[2]

**PLAINTIFF'S REQUESTS FOR PRODUCTION; DEFENDANT'S RESPONSES;**

8.   In accordance with applicable case law, Plaintiff requested the following:

1.   **Plaintiff's Request No. 1**– Complaints of excessive force by citizens against any PCSO Deputy to include claims of being tased, hit (with hand or baton), beat, kicked, punched, slammed against a car or slammed on the ground from 2005-2006.

**Defendant's Responses:** Objection. The Request is vague, ambiguous, overly broad, unduly burdensome, not relevant and not proportional to the needs of the case. Plaintiff seeks the production of documents from more than seven years before the incident that gave rise to the lawsuit (June 10, 2013). Additionally, complaints of misconduct—especially ones from many years before the incident in issue—are irrelevant to the Monell claim against the Sheriff. Prior incidents must be similar to the conduct in issue and they must be of a nature to put the agency on notice—e.g., not complaints of misconduct, but findings, conclusions, or determinations of similar conduct that was found to be unconstitutional. Finally, the Request is overly burdensome and not proportional to the needs of the case in that the records from 205 and 2006 would need to be individually hand-searched and reviewed to locate potentially responsive documents and then ensure that all

---

2 The relevant pages of the Deposition Transcript of Redinger were filed on July 23, 2018, DKT # 30.

the confidential medical information, criminal history
information, undercover deputy/detective information and
personal identifiers such as SSNs and birth dates is
redacted. This process would involve many hundreds of hours
of labor.

2.   **Plaintiff's Request No. 2-** Complaints of false
imprisonment or false arrest by citizens against any PCSO
Deputy from 2005-2006.

**Defendant's Responses:** Objection. The Request is
vague, ambiguous, overly broad, unduly burdensome, not
relevant and not proportional to the needs of the case.
Plaintiff seeks the production of documents from more than
seven years before the incident that gave rise to the
lawsuit (June 10, 2013). Additionally, complaints of
misconduct—especially ones from many years before the
incident in issue—are irrelevant to the Monell claim against
the Sheriff. Prior incidents must be similar to the conduct
in issue and they must be of a nature to put the agency on
notice—e.g., not complaints of misconduct, but findings,
conclusions, or determinations of similar conduct that was
found to be unconstitutional. Finally, the Request is overly
burdensome and not proportional to the needs of the case in
that the records from 205 and 2006 would need to be
individually hand-searched and reviewed to locate
potentially responsive documents and then ensure that all
the confidential medical information, criminal history
information, undercover deputy/detective information and
personal identifiers such as SSNs and birth dates is
redacted. This process would involve many hundreds of hours
of labor.

3.   **Plaintiff's Request No. 3-** Complaints of excessive
force against any Deputy with the PCSO, where citizens
alleged they have been "choked", placed in a "chokehold" or
placed in a "headlock" or "strangled" from 2005-2006.

**Defendant's Responses:** Objection. The Request is
vague, ambiguous, overly broad, unduly burdensome, not
relevant and not proportional to the needs of the case.
Plaintiff seeks the production of documents from more than
seven years before the incident that gave rise to the
lawsuit (June 10, 2013). Additionally, complaints of

misconduct—especially ones from many years before the
incident in issue—are irrelevant to the <u>Monell</u> claim against
the Sheriff. Prior incidents must be similar to the conduct
in issue and they must be of a nature to put the agency on
notice—e.g., not complaints of misconduct, but findings,
conclusions, or determinations of similar conduct that was
found to be unconstitutional. Finally, the Request is overly
burdensome and not proportional to the needs of the case in
that the records from 205 and 2006 would need to be
individually hand-searched and reviewed to locate
potentially responsive documents and then ensure that all
the confidential medical information, criminal history
information, undercover deputy/detective information and
personal identifiers such as SSNs and birth dates is
redacted. This process would involve many hundreds of hours
of labor.

## **MEMORADUM OF LAW/LEGAL ARGUMENTS**

9.   The information requested fall within a reasonable
time before the subject incidents to the present and seeks
specific information relative the instant claims, seeks
specific information from specific individuals and
therefore, it is not overbroad, vague, or ambiguous.  The
information requested involves information that encompasses
the very nature of this litigation and refutes Defendant's
Affirmative Defenses; and are specifically relevant
Plaintiff's civil rights claim of excessive force, false
arrest/false imprisonment, Plaintiff's <u>Monell</u> claim and
Plaintiff's State law claims against the Pinellas County
Sheriff's Office. *See Griffin v. City of Opa-Locka,* 261 F.3d
1295, 1308 (11th Cir. 2001)(finding municipal liability from

a widespread practice so as to constitute a custom or usage with force by evidence of prior acts and past similar conduct).

Moreover, Defendant's assertion that " Prior incidents must be similar to the conduct in issue and they must be of a nature to put the agency on notice—e.g., not complaints of misconduct, but findings, conclusions, or determinations of similar conduct that was found to be unconstitutional" is without merit as the complaints has the disposition of the specific complaint contained thereon. Also, constant findings in favor of the deputies or/and always findings that deputies are right is evidence that the Sheriff's Office does not take complaints seriously and evidence of a custom or policy as well as evidence that Sheriff's Office is "deliberately indifferent" to the complaints and civil rights of citizens.

In *Rivas v. Freeman,* 940 F.2d 1491 (11th Cir.1991), the Eleventh Circuit held that a sheriff can be held liable in his official capacity for acts of his deputies which caused constitutional violation because he failed to institute appropriate policies and procedures for tracking individuals who had been arrested.  These failed  policies and procedures can be established by prior similar incidents or

complaints.

Likewise, a plaintiff can show that a municipality was deliberately indifferent to the need for increased supervision by demonstrating: (1) a "pattern of constitutional violations ... such that the municipality knows or should know that corrective measures are needed," *Young v. City of Augusta,* 59 F.3d 1160, 1172 (11th Cir.1995), or (2) that the "violation of federal rights ... [was a] highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 409 (1997). Plaintiff have made such allegations in this case and again, this "deliberate indifference" can be established by similar prior complaints or incidents.

In *Fiacco v. City of Rensselear,* 783 F.2d 319, 328 (2nd Cir. 1986), the court held evidence of prior complaints was highly relevant on the issues of municipal and supervisory liability. The court found evidence of prior complaints and the city's manner of responding to them may support contentions that the city knew about allegations of police misconduct but was deliberately indifferent in responding to them.  The complaints may support a claim of municipal and supervisory liability by showing that supervisory officials,

9

despite their knowledge of charges against subordinate officials, failed to carry out their supervisory responsibilities. The court reasoned,

> [t]he fact that none of the claims had yet been adjudicated in favor of the claimant was not material; if the City's efforts to evaluate the claims were so superficial as to suggest that its official attitude was one of indifference to the truth of the claim, such an attitude would bespeak an indifference to the truth of the claim, such an indifference to the rights asserted by those claim. *Id.*

In *Fiacco*, the complaints consisted of different types of claims of excessive force and misconduct as in this case. *See also Depew v. City of St. Mary's, Ga., & Fowler*, 787 F.2d 1496 (11th Cir.1986).

In *Depew*, the Eleventh Circuit Court Appeals affirmed a judgment by citizens for the excessive force by the City's officers. The Court held, to establish a policy or custom sufficient to hold a municipality liable under section 1983 for act of its employee it is generally necessary to show a persistent and widespread practice; moreover, actual constructive knowledge of must be attributed to the governing body of the municipality and, normally, random acts or isolated incidents are insufficient, although the custom need not receive formal approval. *Id.* at 1499. s*ee also Herrera v. Valentine*, 653 F.2d 1220 (8 Cir.1981).

In *Owens v. City of Ft. Lauderdale,* 174 F.Supp.2d 1282

(S.D. Fla.2001), the plaintiff died as a result of a choke hold deployed by an officer. Plaintiff produced only six (6) incidents of misconduct and there had only been two previous similar incidents reported, and the reports were unsubstantiated, precluding finding of widespread abuse putting city on notice of need for neck-restraint policy and death was not such a highly predictable consequence of lack of training as to render need for training obvious without prior abuses. *Id.* The *Owens* Court held

> "**Inadequacy of police officer training may serve as basis of city's liability under § 1983 where failure to train amounts to deliberate indifference to rights of persons with whom police come into contact, i.e., either where need for particular type of training is obvious because officials face clear constitutional duties in recurrent situations, or where need for more or better training is obvious because of constitutional violations exists such that municipality knows or should know that corrective measures are need". *Id.* at 1293-1294.**

In this case, these are some of the very allegations and claims alleged and raised by Plaintiff in this case. Yet, notwithstanding an abundance of case law to the contrary, Defendant refuses to produce these documents and claims, without merit, they are "irrelevant".

In *Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir. 1985), the Fifth Circuit held, Municipal liability can be established by "subsequent acts" and subsequent acceptance of dangerous recklessness by city policymakers tend to prove policymaker's preexisting disposition. In fact, in

11

*Grandstaff* the court found that a single incident of excessive force can establish municipal liability. See *also Larez v. City of Los Angeles,* 946 F.2d 630 (9th Cir. 1991)(affirming judgment against city where evidence of prior complaints and the manner in which they were investigated established a widespread policy); *Bordanaro v. McLeod,* 871 F.2d 1151 (1st Cir. 1989)(affirming judgment against municipality where testimony of prior complaints established a longstanding police department policy of breaking down doors of felons without a warrant when arresting felons)

Further, the documents are relevant under FRE 404 (b) and FRE 407, to prove knowledge, absence mistake, opportunity and feasibility of precautionary measures, thus, the prior and subsequent incidents, which are close in proximity of time, are admissible, relevant, material and should be produced.

Although Defendant objects that the request by Plaintiff is also "overbroad" and "will take a lot of man hours to produce", in *Serra Chevrolet, Inc., v. G.M.,* 446 F.3d 1137, 1143 (11th Cir.2006), a case involving car dealerships, Serra requested production of documents regarding the multiple satellite dealerships. The court

12

ordered GM to **produce all documents** "[c]reating, evidencing, terminating, implementing, [and] continuing" the satellite program. The court stressed that "[i]f it has to do with the satellite program, and it's a document, then you need to produce it." GM informed the court that to accomplish this task, it would have "to look through, to sort through all seven thousand dealers across the country" or "contact[ ]the hundred and fifty or so zone managers across the country and ask[ ]them to do it." The court responded, "I suggest you contact your hundred and fifty zone managers," and "then you produce the documents . . . that relate to the satellite." The court gave GM 60 days to produce the requested documents. Here, Defendant ALWAYS use this argument to try and avoid producing documents. The requests are not remotely as broad or voluminous as in *Serra Chevrolet, Inc., v. G.M.*; however, Pinellas County Sheriff's Office objects and refuses to produce any documents.

10.   Federal Rule of Civil Procedure 26(b) governs the scope of discovery.  That rule provides, in relevant part that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to

13

lead to the discovery of admissible evidence." Subdivision
(b) to the 1946 Advisory Committee Notes to matter that is
relevant to any party's claim or defense . . . As summarized
recently by United States Magistrate Judge Robin Rosenbaum
in *AIG Centennial Ins. Co. v. O'Neill*, Case 09-60551, 2010
WL 4116555 (S.D. Fla. Oct. 18, 2010):

> **"The courts have long recognized the wide scope of discovery
> allowed under the Federal Rules of Civil Procedure. As the Eleventh
> Circuit's predecessor court noted, "The discovery provisions of the
> Federal Rules of Civil Procedure allow the parties to develop fully and
> crystallize concise factual issues for trial. Properly used, they
> prevent prejudicial surprises and conserve precious judicial energies."**

The United States Supreme Court has said that the
discovery rules are to be broadly and liberally construed.
*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th
Cir.1973) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67
S.Ct. 385, 91 L.Ed. 451 (1947); *Schlagenhauf v. Holder*, 379
U.S. 104, 114-115, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)).
(internal quotation marks added to preserve the significance
of original formatting). Courts in this Circuit have often
noted the basic rule that the scope of discovery is broad
and that the discovery rules generally favor complete
discovery.

Rule 34 of the Federal Rules of Civil Procedure allow
any party to serve on any other party written request for
production concerning matters within the scope of Federal

14

Rule Civil Procedure 26(b). The scope of discovery under
Rule 26(b) is broad: "parties may obtain discovery regarding
any matter, not privileged, which is relevant to the claims
or defense of any party involved in the pending action."
*Id.*; *Hickman v. Taylor*, 329 U.S. 495, 507-508, 67 S.Ct. 385,
91 L.Ed. 451 (1947). *See also Farnsworth v. Procter and
Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985)(the Federal
Rules of Civil Procedure "strongly favor full discovery
whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D.
609, 611 (M.D.Fla.1979). Information is relevant if it is
"germane, conceivably helpful to plaintiff, or reasonably
calculated to lead to admissible evidence." *Parsons v.
General Motors Corp.*, 85 F.R.D. 724 (N.D.Ga.1980). *See also
Hickman*, 329 U.S. at 501, 67 S.Ct. 385. Thus, under Rule 26
relevancy is "construed broadly to encompass any matter that
bears on, or that reasonably could lead to another matter
that could bear on any issue that is or may be in the case."
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98
S.Ct. 2380, 57 L.Ed.2d 253 (1978). Discovery is not limited
to the issues raised by the pleadings because "discovery
itself is designed to help define and clarify the issues."
Id. at 352, 98 S.Ct. 2380. In short, information can be
relevant and therefore discoverable, even if not admissible

at trial, so long as the information is reasonably
calculated to lead to the discovery of admissible evidence.
*Dunbar v. United States*, 502 F.2d 506 (5th Cir.1974).

Framed by these rules, it is no surprise that "[t]he
party resisting discovery has a **heavy burden** of showing why
discovery should be denied." *Principe v. Seacoast Banking
Corp. of Fla.*, No. 09-14428-CIV, 2010 WL 2976766, at *2
(S.D. Fla. July 20, 2010) (emphasis supplied) (internal
citations and quotation marks omitted).  Phrased
differently, Defendant here must demonstrate specifically
how the objected-to information is plainly irrelevant,
unreasonable or unduly burdensome.  *See generally Panola
Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.
1985).  *See also Dunkin' Donuts, Inc. v. Mary's Donuts,
Inc.*, No. 01-0392-CIV-GOLD, 2001 WL 34079319, at *2 (S.D.
Fla. 2001) (noting burden on party resisting discovery and
explaining that "[d]iscovery should ordinarily be allowed
under the concept of relevancy unless it is clear that the
information sought has no bearing on the subject matter of
the action"). Given this framework of, in general, broadly-
authorized discovery, the Eleventh Circuit has noted that a
district court's discretion in shaping discovery is "not
entirely sacrosanct" and that an appellate court will

16

reverse if the trial judge "fails to adhere to the liberal
spirit of the Rules." *Williams v. City of Dothan,* 745 F.2d
1406, 1415 (11th Cir. 1984). *See also Milinazzo v. State
Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007) ("Courts
must employ a liberal discovery standard in keeping with the
spirit and purpose of the discovery rules").

## FEDERAL RULE OF CIV. P. 37(a)(5) COSTS AND FEES

11.   Based the forgoing, it is patently clear that
Plaintiff is entitled to have these documents produced.  In
addition, it is clear that the requests and information
requested sought go to the heart of issues and claims in
this case and are germane to this litigation. Insofar as
there was no reasonable basis for the Pinellas County
Sheriff's Office, except to delay, and to prevent Plaintiff
from obtaining pertinent, relevant information, and by
virtue of the fact that Defense Counsel has argued this
information is relevant and required in previous filings,
that Plaintiff's Counsel attempted to resolve this matter
and this refusal is willful, and Plaintiff's Attorney should
be awarded costs and his fees for being required to file
this motion under Federal Rule of Civil Procedure 37(a)(5).
See *Bank of Mongolia v. M&P Global Financial Serv., Inc.,* 28
F.R.D. 514, 522 (S.D. Fla. 2009)(awarding expenses under

Rule 37 for discovery failures); *U and I Corp.,* 251 F.R.D. @ 677 (imposing "[s]anctions of reasonable attorneys' fees and costs under Rule 37); *Gober v. City of Leesburg,* 197 F.R.D. 519, 520 (M.D. Fla. 2000)(same).

**WHEREFORE**, for the foregoing reasons, Plaintiff moves this Court for Order compelling Defendant to produce the documents requested in Plaintiff's Second Request for Production and award Plaintiff's Counsel a reasonable attorneys' fee and costs for being forced to file this Motion to Compel.

<u>**CERTIFICATE OF COMPLIANCE**</u>

In accordance with Rule 3.01(g), prior to filing this motion, the undersigned conferred with Defense Counsel in good faith to resolve this matter and the parties were unable to reach a resolution of the issues contained herein.

<u>**CERTIFICATE OF SERVICE**</u>

I **HEREBY CERTIFY** that on the 6th day of August 2018 I electronically filed the foregoing, with the Clerk of the Court, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

S/ Frank T. Allen
FRANK T. ALLEN, Esquire
Florida Bar No. 0033464
THE ALLEN FIRM, P.A.

18

605 E. Robinson St., Ste 130
Orlando, Florida  32801
(407) 481-8103
Attorneys for Plaintiff.