UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAT S. BAYSA,

    Plaintiff,

v.                                             CASE NO. 8:17-cv-434-T-02SPF

ROBERT GUALTIERI in his official
capacity as Sheriff of the Pinellas County
Sheriff's Office, CHARLES REDINGER,
individually and as Pinellas County Deputy,
STEPHANIE ARCHER, individually and
as Pinellas County Deputy Sheriff,

    Defendants.
_____/

## **O R D E R**

Upon due consideration of Defendant's Motion for Attorneys' Fees (Dkt. 74) and Plaintiff's Response in Opposition (75), the Court denies the motion. In granting summary judgment, the Court found that Plaintiff failed to demonstrate that Defendants had deprived him of a constitutionally protected liberty or property interest, and that even if he had, Defendants would have been entitled to qualified immunity. (Dkt. 70). Defendants now move as prevailing parties to tax attorney's fees under 42 U.S.C. § 1988(b).[1]

---

[1] In any action to enforce the provisions of § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part

Defendants assert that they are entitled to an award of attorney's fees because Plaintiff's case was frivolous, unreasonable, and without foundation, citing to *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), and *Sullivan v. School Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189-90 (11th Cir. 1985). They argue that "but for" Plaintiff's inexplicable change in testimony from his criminal trial to his deposition in this case, the Court would have dismissed the case before it ever proceeded to summary judgment.[2]

So as not to discourage plaintiffs from bringing civil rights lawsuits, "[p]olicy concerns militate against awarding attorney's fees to defendants in civil rights cases." *Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1353 (11th Cir. 1998). More than Plaintiff's ultimate loss is required. *Bruce v. City of Gainesville*, 177 F.3d 949, 951 (11th Cir. 1999). Although a close question, the Court denies fees pursuant to the reasoning of *Sayers*, *supra*, and *Perry v. Orange Cnty.*, 341 F.Supp.2d 1197, 1205 (M.D. Fla. 2004).

---

of its costs . . . ." 42 U.S.C. § 1988(b).

[2] The Court found that Plaintiff's testimony differed substantially and materially from his criminal trial. (Dkt. 70). At trial, he made no mention of being punched, kicked, or choked, but at his deposition he recalled quite the opposite.

**ACCORDINGLY**, Defendant's Motion for Attorneys' Fees (Dkt. 74) is denied.

**DONE AND ORDERED** at Tampa, Florida, on November 13, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record