UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAT S. BAYSA,

    Plaintiff,

v.                                  CASE NO. 8:17-cv-434-T-02SPF

ROBERT GUALTIERI in his official
capacity as Sheriff of Pinellas County, *et al.*,
                                   /

## ORDER ON COSTS

Upon due consideration of the proposed Bill of Costs (Dkt. 72), Plaintiff's Objection (Dkt. 73), and Defendant's Reply (Dkt. 77), and having previously determined that the criminal trial transcript was necessary and helpful (Dkt. 76), the Court finds additional costs allowable.

The prevailing party may recover the "costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920 (4). "Copies attributable to discovery . . . are recoverable." EEOC v. W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (holding "whether the prevailing party could have reasonably believed that it was necessary to copy the papers" is the standard); *Health First, Inc. v. Hynes*, No. 6:11-cv-715-Orl-41KRS, 2015 WL

12977509, at *7 (M.D. Fla. Mar. 5, 2015). Copies made merely for the convenience of counsel are not recoverable. *Hynes*, 2015 WL 12977509, at *7 (citation omitted).

Plaintiff contends the $2,384.70 in copying and printing costs are attributable to printing documents from the electronic file in this case for the convenience of counsel, and attributable to documents already in Defendants' possession. Of the total 15,898 pages copied, 11,638 copies were associated with responding to discovery, 2,190 pages were copied pursuant to an order of this Court, 1,606 copies were printed out from the electronic docket in this case, and the remaining 464 pages were Plaintiff's medical records.

All of the copies made responding to the request for production were necessary and not for the convenience of counsel. The copies originated from materials electronically stored or on microfiche. The documents were then reviewed for privilege and other issues requiring redaction such as statutorily protected confidential information. The redacted and non-redacted documents were then copied as the production set. As Defendants note, a large portion of those produced documents were filed by Plaintiff as part of the summary judgment record.

The court-ordered pages were necessarily obtained, in addition to other copies made from the electronic docket in preparation for the oral argument scheduled on the summary judgment. The medical records were documents electronically received from third parties, which were printed out and are considered associated with discovery. At the time the copies were made, Defendants reasonably believed it was necessary.

**ACCORDINGLY**, Defendants are awarded costs in the amount of $7,031.95. The Courtroom Deputy Clerk is directed to enter a Bill of Costs in favor of Defendants.

**DONE AND ORDERED** at Tampa, Florida, on November 15, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record